UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YVEL MOYSE, *on behalf of himself and others similarly situated*,<br><br>*Plaintiff,*<br><br>-against-<br><br>AMBASSADOR THEATRE GROUP NORTH AMERICA LLC. and ATG TICKETS US, LLC,<br><br>*Defendants*. | No.<br><br>**RULE 23 CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Yvel Moyse ("Moyse"), on behalf of himself and others similarly situated, brings this action for damages and other legal and equitable relief against defendants AMBASSADOR THEATRE GROUP NORTH AMERICA LLC. and ATG TICKETS US, LLC (collectively "ATG" or the "Defendants") and alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff and the proposed class were employed as non exempt Manual Workers working at Defendants' theater venues in New York performing physical labor more than 25% of the time, and being paid bi-weekly.

2. Plaintiff worked for Defendants as a security guard at Defendants' theater in Kings County and was paid bi-weekly at all times.

3. Plaintiff and other Manual Workers need to be paid weekly to keep up with day to day expenses such as housing and transportation costs, groceries, utilities, and other regular bills, and in order to obtain the full value of their earned wages as due. Defendants violated New York State Labor Law ("NYLL") by not paying their Manual Workers on a timely and weekly basis as required.

4. Plaintiff alleges that he and the proposed class performed almost entirely physical tasks for Defendants and therefore qualified as Manual Workers under NYLL § 191, but were paid bi-weekly on an untimely basis, instead of weekly, as required under NYLL. Plaintiff is entitled to recover from Defendants: (1) liquidated damages for untimely wage payments; (2) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; and (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

## PARTIES

5. Plaintiff is an adult, over eighteen years old, and resident of County of Kings, State of New York.

6. Defendant AMBASSADOR THEATRE GROUP NORTH AMERICA LLC is foreign limited liability company, formed under the laws of the State of Texas, with a principal place of business located at 3009 POST OAK BLVD STE 1200 HOUSTON, TEXAS, 77056-6779, and a service of process address in the care of CAPITOL CORPORATE SERVICES, INC. located at 1501 S MOPAC EXPY STE 220, AUSTIN, TX 78746.

7. AMBASSADOR THEATRE GROUP NORTH AMERICA LLC is the employer entity listed on Plaintiff's pay stubs with an address listed as 208 E Houston St, San Antonio, Texas, 78205.

8. Defendant ATG TICKETS US, LLC is a foreign limited liability company, formed under the laws of the State of Delaware, with a service of process address in the care of CAPITOL SERVICES, INC. located at 1218 CENTRAL AVE, STE 100, ALBANY, NY, 12205. Upon information and belief, Defendant ATG Tickets US, LLC is the owner of Kings Theater, located at 1027 Flatbush Avenue Brooklyn, NY 11226 where Plaintiff was employed by Defendants as a security guard.

9. AMBASSADOR THEATRE GROUP NORTH AMERICA LLC. and ATG TICKETS US, LLC operated as a single entity "ATG" who owned and operated a music venue, named King's Theater, located 1027 Flatbush Avenue Brooklyn, NY 11226.

10. Plaintiff was throughout his entire employment with Defendants, a covered, non-exempt employee within the meaning of the FLSA and NYLL.

11. Plaintiff was employed in the State of New York, wrongfully deprived of timely pay in violation of the NYLL. He was also deprived of compliant and accurate annual wage notices and compliant and accurate periodic wage statements in violation of the NYLL.

12. Defendants are considered a large employer, having at least 11 or more employees during the duration of Plaintiffs' employment.

13. Defendants each maintained control, oversight, and direction over Plaintiff in regards to timekeeping, payroll, and other employment practices, and functioned as an employer pursuant to the NYLL.

14. Defendants, by virtue of ownership, management, and control over the wages and work of Plaintiff, are each considered an employer under the FLSA and NYLL.

15. Defendants jointly own and operate Kings Theatre as well as other entertainment venues in New York State.

16. Defendants maintained control, oversight, and direction over Plaintiff in regards to timekeeping, payroll, and other employment practices, and functioned as an employer pursuant to the NYLL.

**JURISDICTION AND VENUE**

17. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendants in this matter exceeds the sum or value of $5,000,000, exclusive of

interest and costs, and Plaintiff and the members of the proposed class are citizens of states different from that of Defendants.

18. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because the Defendants maintain a place of business in this district and the majority of the conduct making up the basis of the complaint took place in this district.

## STATEMENT OF FACTS

19. Plaintiff alleges the below facts according to his best recollection. Plaintiff reserves the right to amend these pleadings after obtaining discovery in this action, including records required by 12 NYCRR § 146-2.1.

20. Upon information and belief, Plaintiff's alleged facts are consistent among members of the proposed class.

21. Plaintiff was employed as a security guard at Defendants' Kings Theatre venue located at 1027 Flatbush Avenue Brooklyn, NY 11226 from in or around June 2022 until on or around September 16, 2024.

22. Plaintiff's duties were to make sure customers were not engaging in illegal activities, diffusing any possible altercations, and clearing any areas that could cause a fire hazard.

23. Plaintiff's job responsibilities required him to remain on his feet for the vast majority of his work shifts, provide a physical presence and deterrence, and when necessary, physically address security threats and restrain or detain customers and members of the public.

24. The above responsibilities meant that Plaintiff performed physical tasks more than 25% of the time, qualifying him as a Manual Worker.

25. At the same Kings Theatre venue, in addition to the security guards whom Plaintiff worked alongside, Plaintiff also observed Defendants employing other non-exempt

Manual Workers employed at Defendants' bar, at food and refreshments counters, operating a coat check, performing general cleaning and maintenance work, and working in lighting, sound, and in other backstage roles.

26. Upon information and belief all of these non-exempt Manual Workers were paid on a bi-weekly basis.

27. Plaintiff was an hourly employee.

28. He was non-exempt in that he performed manual labor tasks.

29. Despite performing physical tasks more than 25% of the time and qualifying as a Manual Worker, under NYLL § 191, Defendants Plaintiff on a bi-weekly basis.

30. At all times, Defendants paid Plaintiff and the proposed class on a bi-weekly basis.

31. Plaintiff and the proposed class performed physical tasks well over 25% of the time, qualifying them as Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

32. Because of Defendants' improper compensation policies, Plaintiff was deprived of timely and weekly pay, in direct violation of the NYLL.

33. This pattern of conduct was continuous throughout Plaintiff's employment.

34. Defendants' unlawful conduct has been widespread, repeated, and consistent.

35. Plaintiffs and the proposed class suffered actual and acute injuries as a result of Defendants' failure to pay weekly wages as required under the NYLL. The timely payment of earned wages were and are crucial to Plaintiff's and the proposed class's ability to pay day to day and monthly expenses, especially due to the New York area's high cost of living. Defendants' conduct in paying Plaintiff's wages late throughout his employment resulted in him having to pay bills late on more than one occasion.

36. Defendants' late wage payments also deprived Plaintiff and the proposed class of the

time value of their earned money, resulting in tangible financial loss calculated as interest and in other amounts; and loss in the form of the negative impact on their ability to save, invest, and plan for the future. The Defendants reaped large profits as a direct result of its Manual Workers' labor, taking in millions in annual revenue, while unlawfully withholding from and paying late its employees who are least able to weather these unjust delays.

## **RULE 23 CLASS ACTION ALLEGATIONS**

37. The Proposed Class is defined as:

    > All non-exempt hourly employees working for Defendants in the State of New York between the date six years preceding the filing of this complaint and the date a class is certified in this action.

38. Plaintiff hereby states that the Class Period shall to the extent permitted by law be expanded to account for all claims made timely by virtue of Governor Cuomo's March 20, 2020 executive order, Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8), and all subsequent and similar order, including but not limited to, Executive Orders 202.14, 202.28, 202.38, 202.48, 202.55, 202.60, 202.67, and 202.72.

39. The members of the Proposed Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

40. Upon information and belief, there are more than 100 class members and the Plaintiff's claims are typical of those other members, in that any one would seek the same discovery, make the same legal arguments, and rely on the same factual record for summary judgment.

41. Plaintiff and the Proposed Class have all been injured in that they have been uncompensated and untimely compensated due to Defendants' common policies,

practices, and patterns of conduct.

42. Defendants' corporate-wide policies and practices affected everyone who worked in every store in the same way.

43. Defendants had a company-wide policy of paying its New York State non-exempt workers performing manual tasks on a bi-weekly basis.

44. Plaintiff is able to fairly and adequately protect the interests of the Proposed Class and have no interests antagonistic to it.

45. Plaintiff is represented by attorneys who are experienced and competent to bring this action.

46. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

47. Common questions of law and fact exist as to the Proposed Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

    1. What job duties are performed by employees?

    2. What is the frequency of pay for the employee?

    3. Does the employee spend at least 25% of the time at work engaged in physical labor?

    4. What were the characteristics of the annual wage notices and periodic wage

statements provided to the employee?

## STATEMENT OF CLAIMS

### COUNT I: Late Wage Payments Under the NYLL

### Brought on Behalf of Plaintiff and the Rule 23 Class

48. Plaintiff re-alleges and re-avers each and every allegation and statement contained in the paragraphs above of this Complaint as if fully set forth herein

49. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiff.

50. Defendants failed to pay Plaintiff and Proposed Class on a timely basis as required by NYLL § 191(1)(a), which resulted in an underpayment.

51. Manual Workers, as contemplated by NYLL § 191, are "dependent upon their wages for sustenance." *People v. Vetri*, 309 N.Y. 401, 405 (1955).

52. All of Defendants' non-exempt hourly workers are Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

53. As such, the failure to provide wages owed to Plaintiff and all others similarly situated Manual Workers, according to NYLL § 191, constitutes an "especially acute injury." *See Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing *Vega v. CM & Associates. Contr. Mgmt., LLC*, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019)).

54. Defendants' conduct also constitutes an "injury in fact" suffered by Plaintiff and the New York Class under Article III that is within the federal judicial power because Plaintiff and the New York Class have "suffered an injury in fact that is concrete, particularized, and actual or imminent." *See Caul v. Petco* (infra).

55. Due to Defendants' violations of the NYLL, Plaintiff and the New York Class are

entitled to recover from Defendants compensatory damages in an amount to be determined in this action, plus the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

### COUNT II: Failure to Provide Complaint Wage Notice Under NYLL
### Brought on Behalf of Plaintiff and the Rule 23 Class

56. Plaintiff re-alleges and re-avers each and every allegation and statement contained in the paragraphs above of this Complaint as if fully set forth herein.

57. Defendants have willfully failed to supply Plaintiff with annual wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as their primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; *the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191*; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. (emphasis added)

58. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

## COUNT III: Failure to Complaint Wage Statements Under NYLL 193(3)

## Brought on Behalf of Plaintiff and the Rule 23 Class

59. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

60. Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

61. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, demands judgment against Defendants as follows:

a. That, at the earliest possible time, Plaintiff be allowed to give notice of this action, to the Proposed Rule 23 Class;

b. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c. Designation of Plaintiff as representative of the New York Rule 23 Class and counsel of record as Class Counsel;

d. liquidated damages for late wages;

e. an award of statutory penalties pursuant to NYLL 198,

f. attorneys' fees and costs; and

g. granting such other and further relief as this Court deems necessary and proper.

Dated:   New York, NY
        November 25, 2024

*Respectfully Submitted,*

_____
Mohammed Gangat, Esq.
LAW OFFICE OF MOHAMMED GANGAT
675 Third Avenue, Suite 1810,
New York, NY 10017
718-669-0714
mgangat@gangatpllc.com